UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No: 17-62005-CIV-MORENO

**MITCHELL SILVERMAN,**

    Plaintiff,

**v.**

**NOVA SOUTHEASTERN UNIVERSITY, INC.,**

    Defendant.

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, Defendant, NOVA SOUTHEASTERN UNIVERSITY, INC. ("NSU"), by and through its undersigned counsel and files this, its Answer and Affirmative Defenses to Plaintiff's Complaint, and in support thereof states as follows:

### NATURE OF ACTION

1. Defendant NSU denies the allegations contained within Paragraph 1 and demands strict proof thereof.

### JURISDICTION AND VENUE

2. Defendant NSU admits that venue is proper in the U.S. District Court for the Southern District of Florida.

### PARTIES

3. Admit.

4. Admitted to the extent that Silverman was employed by NSU from November 9, 2009 to February 22, 2017. However, Silverman held several librarian positions during his

{JHH0011.DOCX. 1 }

employment with NSU, including "Reference Librarian," "Emerging Technologies and Reference and Instructional Services Librarian," and "Reference and Patron Services Librarian."

5. Admit.

6. Admit.

7. Admit.

8. Admit.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

9. Admit.

10. NSU is without knowledge as to the dates when Plaintiff's counsel received Notices of Right to Sue letters from the EEOC. However, NSU admits that such letters were issued by the EEOC, dated June 26, 2017 and July 18, 2017.

11. Admit.

12. Admit.

## FACTS

13. Admit.

14. Admitted to the extent that Silverman worked at the NSU law library during the entirety of his employment with NSU. However, Silverman held multiple job titles during said time period.

15. Admitted to the extent that Silverman provided medical documentation relating to several disabilities throughout his employment with NSU, and as such, NSU therefore acknowledges the existence of such disabilities wherein sufficient medical documentation was provided. However, NSU is without knowledge of any medical conditions beyond those of which Silverman provided medical documentation. Additionally, NSU is without knowledge as

to when Silverman was diagnosed with any of his alleged disabilities and therefore denies the allegation that Silverman had such disabilities "at all times" and demands strict proof thereof.

16. NSU denies the allegations contained within Paragraph 16 and demands strict proof thereof.

17. NSU denies the allegations contained within Paragraph 17 and demands strict proof thereof.

18. Admitted to the extent that Silverman made multiple written requests for disability accommodations during his employment with NSU.

19. Admit.

20. NSU denies the allegations contained within Paragraph 20 and demands strict proof thereof.

21. NSU denies the allegations contained within Paragraph 21 and demands strict proof thereof.

22. NSU denies the allegations contained within Paragraph 22 and demands strict proof thereof.

23. NSU denies the allegations contained within Paragraph 23 and demands strict proof thereof.

24. Admitted that Silverman submitted a request for accommodations on or about July 22, 2015.

25. Admitted that Silverman submitted a written accommodation request to NSU on or about July 22, 2015, and included correspondence from a psychologist detailing the limitations alleged in Paragraph 25, among others.

26. Admitted to the extent that the allegations contained within Paragraph 26 generally restate several of the accommodations sought by Silverman in his July 22, 2015 correspondence; however, the document speaks for itself.

27. Admit.

28. Admitted to the extent that the allegations contained within Paragraph 28 generally restate several of NSU's August 14, 2015 responses to the accommodations sought by Silverman in his July 22, 2015 correspondence, however, the document speaks for itself.

29. Admitted to the extent that the allegations contained within Paragraph 29 generally restate several of NSU's August 14, 2015 responses to the accommodations sought by Silverman in his July 22, 2015 correspondence, however, the document speaks for itself.

30. NSU denies the allegations contained within Paragraph 30 and demands strict proof thereof.

31. Admitted that that Silverman requested to permission to stay at home when he could work, even when out of sick leave; however the document speaks for itself.

32. NSU denies the allegations contained within Paragraph 32 and demands strict proof thereof.

33. Denied to the extent that Plaintiff characterizes a written warning letter as an adverse employment action. NSU admits that a written warning letter was issued to Silverman on December 10, 2015.

34. NSU denies the allegations contained within Paragraph 34 and demands strict proof thereof.

35. Admitted that the written warning documented Silverman's failure to complete the library walk-through checklist, as well as the associated library walk-through assignment.

36. NSU denies the allegations contained within Paragraph 36 and demands strict proof thereof.

37. Admitted that Silverman submitted a written response to his written warning.

38. NSU denies the allegations contained within Paragraph 38 and demands strict proof thereof.

39. Denied to the extent that Plaintiff characterizes a performance plan as an adverse employment action. NSU admits that a performance plan was issued to Silverman on November 4, 2016.

40. Admitted to the extent that the allegations contained within Paragraph 40 generally restate several of the statements contained in Silverman's performance plan, however, the document speaks for itself.

41. Admitted to the extent that the performance plan does not reference Silverman's accommodations or purported disabilities.

42. Admitted that NSU received three formal complaints from Silverman during said time period. NSU is without knowledge what Plaintiff considers an "informal" complaint, and therefore denies the remaining allegations contained within Paragraph 42 and demands strict proof thereof.

43. Admitted to the extent that Silverman did allege that Ms. Rich violated the ADA and NSU policy in a written complaint. NSU is without knowledge as to what Plaintiff considers an "informal" complaint and therefore denies the remaining allegations contained within Paragraph 43 and demands strict proof thereof.

44. Admitted to the extent that, in Silverman's February 6, 2017, correspondence to NSU, Silverman complained that he did not receive an approved disability accommodation from

Ms. Rich, of "assisting me by setting interim deadlines and with breaking projects into tasks," however the document speaks for itself.

45. NSU denies the allegations contained within Paragraph 45 and demands strict proof thereof.

46. NSU denies the allegations contained within Paragraph 46 and demands strict proof thereof.

47. NSU denies the allegations contained within Paragraph 42 and demands strict proof thereof.

48. Admitted to the extent that Ms. Rich's e-mail states "I think that this is a good indication that Mitch's accommodations are not working for him currently."

49. NSU denies the allegations contained within Paragraph 49 and demands strict proof thereof.

50. NSU denies the allegations contained within Paragraph 50 and demands strict proof thereof.

51. NSU denies the allegations contained within Paragraph 51 and demands strict proof thereof.

52. Admitted that Silverman's failure to repeatedly meet deadlines and extended deadlines was among the factors that contributed to his termination.

53. NSU denies the allegations contained within Paragraph 53 and demands strict proof thereof.

54. NSU denies the allegations contained within Paragraph 54 and demands strict proof thereof.

55. NSU denies the allegations contained within Paragraph 55 and demands strict proof thereof.

56. NSU denies the allegations contained within Paragraph 56 and demands strict proof thereof.

57. NSU denies the allegations contained within Paragraph 57 and demands strict proof thereof.

58. NSU is without knowledge of and therefore denies the allegations contained within Paragraph 58 and demands strict proof thereof.

## COUNT I

59. NSU hereby restates its responses to the allegations contained in Paragraphs 1 through 58.

60. NSU denies the allegations contained within Paragraph 60 and demands strict proof thereof.

61. NSU denies the allegations contained within Paragraph 61 and demands strict proof thereof.

62. NSU denies the allegations contained within Paragraph 62 and demands strict proof thereof.

63. NSU denies the allegations contained within Paragraph 63 and demands strict proof thereof.

64. NSU denies the allegations contained within Paragraph 64 and demands strict proof thereof.

65. NSU denies the allegations contained within Paragraph 65 and demands strict proof thereof.

66. NSU denies the allegations contained within Paragraph 66 and demands strict proof thereof.

67. NSU denies the allegations contained within Paragraph 67 and demands strict proof thereof.

68. NSU denies the allegations contained within Paragraph 68 and demands strict proof thereof.

## COUNT II

69. NSU hereby restates its responses to the allegations contained in Paragraphs 1 through 58.

70. Admitted to the extent that Silverman has previously provided NSU with medical documentation indicating such, and that NSU relied upon such medical documentation in evaluating Silverman's disability accommodation requests.

71. Admitted to the extent that Silverman has previously provided NSU with medical documentation indicating a diagnosis of attention deficit disorder, but NSU is without knowledge as to when such diagnosis was first rendered and therefore denies such allegation that Silverman suffered from such disability at all times material hereto. NSU is without knowledge of an official diagnosis of Asperger's syndrome and therefore denies such allegation and demands strict proof thereof.

72. Admitted to the extent that NSU regarded Silverman as an individual with a disability related to attention deficit hyperactive disorder upon receipt of medical documentation from Silverman indicating same; however NSU denies regarding Silverman as an individual related to attention with a disability prior to receipt of such documentation. is without knowledge as to when such diagnosis was first rendered and therefore denies such allegation that Silverman

suffered from such disability at all times material hereto. NSU is without knowledge of an official diagnosis of Asperger's syndrome and therefore denies such allegation and demands strict proof thereof.

73. Admit.

74. NSU denies the allegations contained within Paragraph 74 and demands strict proof thereof.

75. NSU denies the allegations contained within Paragraph 75 and demands strict proof thereof.

76. NSU denies the allegations contained within Paragraph 76 and demands strict proof thereof.

77. NSU denies the allegations contained within Paragraph 77 and demands strict proof thereof.

78. NSU denies the allegations contained within Paragraph 78 and demands strict proof thereof.

### COUNT III

79. NSU hereby restates its responses to the allegations contained in Paragraphs 1 through 59.

80. NSU denies the allegations contained within Paragraph 80 and demands strict proof thereof.

81. Admitted to the extent that requests for disability accommodations constitute protected activity.

82. NSU denies the allegations contained within Paragraph 82 and demands strict proof thereof.

83. NSU denies the allegations contained within Paragraph 83 and demands strict proof thereof.

84. NSU denies the allegations contained within Paragraph 84 and demands strict proof thereof.

85. NSU denies the allegations contained within Paragraph 85 and demands strict proof thereof.

86. NSU denies the allegations contained within Paragraph 86 and demands strict proof thereof.

87. NSU denies the allegations contained within Paragraph 87 and demands strict proof thereof.

88. NSU denies the allegations contained within Paragraph 88 and demands strict proof thereof.

89. NSU denies the allegations contained within Paragraph 89 and demands strict proof thereof.

90. NSU denies the allegations contained within Paragraph 90 and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

91. As and for its first affirmative defense, NSU asserts that Plaintiff is not a qualified individual.

## SECOND AFFIRMATIVE DEFENSE

92. As and for its second affirmative defense, NSU asserts that Plaintiff failed to state a claim upon which relief may be granted, in that NSU did not discriminate against him or subject him to retaliation.

## THIRD AFFIRMATIVE DEFENSE

93. As and for its third affirmative defense, NSU asserts that its actions are not the direct and/or proximate cause of any injury that Plaintiff alleges to have suffered, in that Plaintiff was terminated for non-discriminatory reasons.

## FOURTH AFFIRMATIVE DEFENSE

94. As and for its fourth affirmative defense, NSU asserts that Plaintiff was not denied a reasonable accommodation.

## FIFTH AFFIRMATIVE DEFENSE

95. As and for its fifth affirmative defense, NSU asserts that one or more of Plaintiff's requested disability accommodations constituted an undue burden.

## SIXTH AFFIRMATIVE DEFENSE

96. As and for its sixth affirmative defense, NSU asserts that one or more of Plaintiff's requested disability accommodations sought to eliminate one or more essential functions of his position and/or lower production standards for the position.

## RESERVATION OF RIGHTS

97. NSU reserves the right to raise additional, general and affirmative defenses as discovery progresses.

## DEMAND FOR JURY TRIAL

NSU hereby demands a Trial by Jury of all issues so triable as of right by a jury.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 31st day of October, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF or in some other manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing as indicated by asterisk.

PANZA, MAURER & MAYNARD, P.A.
Counsel for Defendant
Nova Southeastern University
Coastal Towers
2400 E. Commercial Blvd., Ste 905
Fort Lauderdale, FL  33308
Phone: (954)390-0100, Fax: (954)390-7991

By: */s/Richard A. Beauchamp*
RICHARD A. BEAUCHAMP, ESQ.
Fla. Bar No.: 471313
E-Mail: rbeauchamp@panzamaurer.com

## SERVICE LIST

Mitchell Silverman v. Nova Southeastern University, Inc.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No: 17-62005-CIV-MORENO

**April Goodwin, Esq.**
**Counsel for Plaintiff**
**The Goodwin Firm**
**801 West Bay Drive, Suite 429B**
**Largo, FL 33770**
**E-Mail: april@goodwin-firm.com**
**\*Service through CM/ECF Electronic Filing**